UNITED STATES of America,
Appellee,

v.

Eric ERSKINE, Swahili Johnson,
Defendants–Appellants.

Nos. 06–5461–cr (L), 06–5719–cr (con).

United States Court of Appeals,
Second Circuit.

May 28, 2008.

Philip L. Weinstein, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant, Eric Erskine.

Eric Erskine, pro se.

Avrom Robin (Ira D. London, on the brief), New York, NY, for Defendant–Appellant, Swahili Johnson.

Swahili Johnson, pro se.

Lauren Ouziel, Assistant United States Attorney (Celeste L. Koeleveld, on the

brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, and Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Defendants–Appellants Eric Erskine and Swahili Johnson appeal from the judgment of the District Court for the Southern District of New York (Chin, J.) sentencing them each principally to 262 months' incarceration following their pleas of guilty to a narcotics conspiracy involving more than fifty grams of crack cocaine. We assume the parties' familiarity with the facts and proceedings below.

We review sentencing decisions for reasonableness, asking "whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) (alterations, internal quotation marks, and citation omitted).

■ We first consider Erskine's argument that his sentence is longer than necessary to achieve the goals of sentencing. In his brief, Erskine bases this argument on two assertions: (1) his prior convictions were for "low-level sales," and (2) his prior sentences were substantially shorter than the sentence imposed by the district court. The district court considered and rejected this argument, noting that the instant conviction was Erskine's fifth narcotics conviction and seventh conviction overall. We find no error in the district court's subse-

quent determination that Erskine's criminal history warranted "something more," nor in its conclusion that although Erskine's sentence was "harsh," it was "not persuaded that there should be anything less." Such determinations are entrusted to the district court's considerable discretion, and we find no abuse of that discretion here. Nor do we find merit in Erskine's belief that his relatively shorter sentences for past convictions entitle him to a sentence shorter than the district court imposed.

■ Acting pro se, Erskine further claims that his sentence is unreasonable because it rests on his prior state convictions, which he claims are invalid because he was under the influence of narcotics when he pleaded guilty to those state charges. This claim is foreclosed by *United States v. Jones*, 27 F.3d 50 (2d Cir. 1994), where this Court held that "a defendant may not collaterally attack prior state court felony convictions during a federal sentencing hearing unless the defendant was deprived of counsel in the state court proceedings." *Id.* at 52. Erskine does not claim that he was deprived of counsel in the state actions, and he, therefore, may not collaterally attack his state convictions in this proceeding.

■ Johnson also raises several challenges to his sentence. He first challenges, as unsupported by the evidence and insufficiently explained, the district court's finding that the offense involved 1.5 kilograms of crack cocaine. We agree with the Government that this issue is beyond our review because Johnson waived it (and did not merely forfeit it) before the district court. "Where . . . a claim has been waived through explicit

---

* The Honorable Louis F. Oberdorfer, of the United States District Court for the District of Columbia, sitting by designation.

abandonment, rather than forfeited through failure to object, plain error review is not available." *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir.2003) For example, "if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true 'waiver' which will negate even plain error review." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir.2007) (internal quotation marks omitted). At sentencing, when the district court asked Johnson's attorney why he had not challenged the drug quantity calculation, the attorney explained that he had decided not to object because he had discussed the matter with the prosecutor. This "tactical decision" was a "true waiver," and as a result the alleged error is not subject to review even for plain error.

■ Johnson next argues that his criminal history overstates the seriousness of his criminal record; that his sentence does not reflect his personal and family history; and that his sentence is longer than necessary. With respect to Johnson's criminal history argument, to the extent that Johnson challenges the district court's refusal to grant him a downward departure because his "criminal history category substantially over-represents the seriousness of the defendant's criminal history," U.S.S.G. § 4A1.3(b)(1); *see also United States v. Mishoe*, 241 F.3d 214, 219–20 (2d Cir.2001), he appeals from a discretionary decision that is not subject to our review. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005) ("[A] refusal to downwardly depart is generally not appealable ... [unless] a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.").

■ Even if Johnson's criminal history claim and his other arguments are viewed as a contention that his sentence is substantively unreasonable, they lack merit. The district court carefully considered and rejected all of Johnson's arguments at sentencing. It acknowledged that Johnson's sentence was "harsh," but it found that the criminal history category was "appropriate" because Johnson had five prior narcotics convictions and seven prior convictions in total. The court also noted that Johnson had committed the crime "shortly after being released on the sentence for the prior convictions," that the offense involved a weapon, and that Johnson had used his girlfriend's apartment—which contained a child's bedroom—as the stash house. In response to Johnson's arguments relating to his background, the district court stated that it had "taken into account everything that I have read, including in the report," and it recognized that Johnson "did have a difficult childhood." After finding that Johnson's background was "not that different from the backgrounds of a lot of the defendants who come into this courthouse," the district court told Johnson that it would take his background into consideration nonetheless. We find no error in the district court's subsequent imposition of a sentence thirty months below the applicable Guidelines range, and we find that the resulting sentence is reasonable and adequately reflects Johnson's individual characteristics.[1]

---

1. Johnson also filed a pro se brief in which he argued that the district court erred in finding additional facts that were not charged in the indictment or found by a jury. This claim is meritless. "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *United States v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A defendant's rights are not violated when these facts were not specified in the indictment. *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir.1994) ("[T]he relevant conduct provision of [the Sentencing Guidelines] is to be interpreted

After all of the parties had filed their briefs in this Court, the Supreme Court issued *Kimbrough v. United States,* — U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), where it held that district courts may take into account the crack/powder disparity in deciding if a sentence is greater than necessary to achieve the goals of sentencing, *id.* at 564. Because Johnson does not raise a crack/powder disparity argument in this appeal, and because Erskine raised no disparity-related arguments before the district court or on appeal, their disparity claims are subject to review only for plain error. *United States v. Regalado,* 518 F.3d 143, 147 (2d Cir.2008). At sentencing, Johnson asked the district court to consider imposing a non-Guidelines sentence on the basis of the crack/powder disparity, and the district court indicated its understanding that it could not impose a non-Guidelines sentence "solely based on the 100–to–1 ratio." This understanding was error, and "[a]fter *Kimbrough,* such error would be plain." *United States v. Regalado,* 518 F.3d 143, 148 (2d Cir.2008). Accordingly, pursuant to *Regalado,* we must remand both Defendants' sentences so that the district court can determine whether it would have imposed non-trivially different sentences had it understood the full scope of its authority to take the crack/powder disparity into account. *Regalado,* 518 F.3d at 149.

The judgment of the district court is AFFIRMED, and, consistent with *Regalado,* we REMAND the case for further proceedings.

broadly to include ... conduct not charged in the indictment." (citations omitted)); *see also United States v. Feola,* 275 F.3d 216, 218 (2d Cir.2001) ("Appellant's argument that the district court cannot consider as relevant conduct activity that was not included in the indictment has no merit.").