08-4900-cr
USA v. Savoy

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

––––––––––––––

August Term, 2008

(Argued: March 3, 2009                    Decided: May 27, 2009)

Docket No. 08-4900-cr

––––––––––––––

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

DEMETRIC SAVOY

*Defendant-Appellant.*

––––––––––––––

B e f o r e:

SOTOMAYOR, KATZMANN, and B.D. PARKER, *Circuit Judges.*

––––––––––––––

Appeal from an Order of the United States District Court for the Southern District of New York (Baer, *J.*) entered September 23, 2008, granting in part and denying in part defendant-appellant's motion for a reduction in sentence, brought pursuant to 18 U.S.C. § 3582(c)(2). Affirmed.

––––––––––––––

SUSAN J. WALSH (M. Todd Parker, *on the brief*),
Moskowitz, Book & Walsh, LLP, New York, N.Y., *for
Defendant-Appellant.*

MICHAEL M. ROSENSAFT, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, N.Y., *for Appellee*.

_____

PER CURIAM:

Defendant-appellant Demetric Savoy appeals from an Order of the United States District Court for the Southern District of New York (Baer, *J.*) entered September 23, 2008, granting in part and denying in part Savoy's motion for a reduction in sentence, brought pursuant to 18 U.S.C. § 3582(c)(2), and reducing Savoy's sentence from 188 months to 151 months.

Savoy was convicted on July 2, 1998, after a jury trial, of conspiracy to distribute and possess with intent to distribute fifty grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. The district court calculated Savoy's Sentencing Guidelines ("Guidelines") offense level to be 36, which, along with his Criminal History Category of I, corresponded to a range of 188 to 235 months' imprisonment. It sentenced him principally to 188 months' imprisonment. On May 16, 2008, Savoy filed a motion for a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the so-called "crack amendments" to the Guidelines, arguing that his sentence should be reduced to 120 months, the applicable statutory mandatory minimum. The government conceded that Savoy was entitled to a two-level reduction in his offense level, and therefore was entitled to a reduction in his sentence to somewhere in the amended Guidelines range of 151 to 188 months. The government, however, opposed any reduction below 151 months.

The district court reduced Savoy's offense level by two levels, from 36 to 34, and granted

2

a reduction in sentence to 151 months. The court, however, declined to reduce Savoy's sentence any further because it believed that § 1B1.10 of the Guidelines – the Sentencing Commission's policy statement regarding the reduction of sentences pursuant to an amended Guidelines range – precluded it from sentencing him below the amended Guidelines range. Savoy challenges the district court's treatment of § 1B1.10 as mandatory, arguing that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny render that policy statement advisory. We review the district court's interpretation of statutes and the Guidelines *de novo*. *United States v. McGee*, 553 F.3d 225, 226 (2d Cir. 2009) (per curiam).

A district court "'may not generally modify a term of imprisonment once it has been imposed.'" *Id.* (quoting *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam)). Section 3582(c)(2), however, provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission ("Commission") promulgated Amendment 706 to the Guidelines, effective November 1, 2007, which reduced by two levels the base offense level associated with each enumerated quantity of crack cocaine. *See* U.S.S.G. Supp. to App. C, amend. 706 (2008). The Commission subsequently made that amendment retroactive and, pursuant to 28 U.S.C. § 994(a)(2), issued a policy statement in which it explained that where

> a defendant is serving a term of imprisonment, and the guideline range applicable

3

to that defendant has subsequently been lowered as a result of [certain specified amendments (including the crack amendments)] to the Guidelines Manual . . . , the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). The policy statement, in turn, provides that a district court, when considering whether a reduction is warranted, "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). It provides also that, save for exceptions not applicable here, "the court *shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." *Id.* § 1B1.10(b)(2)(A) (emphasis added). Finally, the Commission made clear that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." *Id.* § 1B1.10(a)(3).

Whether courts are required to construe the "shall not" language of § 1B1.10(b)(2)(A) as advisory rather than mandatory in light of *Booker* and its progeny is a question that has yet to be resolved by this Court. Several of our sister circuits, however, have addressed this issue, and a majority has concluded that sentencing courts lack the authority, when considering a motion for sentence reduction brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce a defendant's sentence below the amended Guidelines range when the original sentence fell within the pre-amendment Guidelines range. *See United States v. Doe*, 564 F.3d 305, 312–14 (3d Cir. 2009); *United States v. Fanfan*, 558 F.3d 105, 108–09 (1st Cir. 2009), *petition for cert. filed* (U.S. May 15, 2009) (No.

08-10503); *United States v. Cunningham*, 554 F.3d 703, 709 (7th Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3544 (U.S. Mar. 16, 2009) (No. 08-1149); *United States v. Melvin*, 556 F.3d 1190, 1190 (11th Cir. 2009) (per curiam), *cert. denied*, 2009 WL 357585, 2009 U.S. LEXIS 3488 (U.S. May 18, 2009); *United States v. Starks*, 551 F.3d 839, 841–42 (8th Cir. 2009), *petition for cert. filed* (U.S. Apr. 13, 2009) (No. 08-9839); *United States v. Dunphy*, 551 F.3d 247, 257 (4th Cir. 2009), *cert. denied*, 2009 WL 772917, 2009 U.S. LEXIS 3492 (U.S. May 18, 2009); *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied*, 2009 WL 178619, 2009 U.S. LEXIS 3279 (U.S. Apr. 27, 2009). Indeed, only one circuit has taken a contrary view. *See United States v. Hicks*, 472 F.3d 1167, 1168 (9th Cir. 2007).

We are persuaded by the reasoning of those courts that have determined that § 1B1.10 is binding on sentencing courts. *See, e.g.*, *Rhodes*, 549 F.3d at 840. Indeed, such an approach comports with this Court's decision in *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009). In *Williams*, we considered whether a defendant, who had been subject to a statutory mandatory minimum but who had received a downward departure from that minimum because of his substantial assistance to the government, so that his final sentence happened to fall within the pre-amendment Guidelines range that would have applied to him absent the mandatory minimum, was eligible for a reduction of his sentence pursuant to § 3582(c)(2). We noted that the Commission's policy statement prohibited sentence reductions if the amendment "'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum* term of imprisonment).'" *Id.* at 186 (quoting U.S.S.G. § 1B1.10, application note 1, subsection 1(A)). The Court concluded that "[w]e are *bound* by the language of this policy statement because

5

Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)) (emphasis added).

We therefore join the majority of circuits and hold that district courts lack the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range where the original sentence fell within the applicable pre-amendment Guidelines range. Accordingly, the Order of the district court is **AFFIRMED**.