**UNITED STATES of America,**
**Appellee,**

v.

**Luis CONTRERAS,\* Defendant–**
**Appellant.**

**No. 08–3481–cr.**

United States Court of Appeals,
Second Circuit.

July 7, 2009.

---

\* The Clerk of Court is directed to amend the official caption as indicated.

Thomas G.A. Brown, Daniel L. Stein for Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, for Appellee.

Mary Mulligan, Friedman, Kaplan, Seiler & Adelman, LLP, New York, NY, for Defendant–Appellant

PRESENT: B.D. PARKER and RICHARD C. WESLEY Circuit Judges, and MIRIAM GOLDMAN CEDARBAUM, District Judge.**

### SUMMARY ORDER

Defendant Luis Contreras appeals from an order of United States District Court for the Southern District of New York (Berman, *J.*), granting in part and denying in part Contreras's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

We first note that the district court reduced Contreras's sentence to the bottom of the amended Guidelines range, but declined to depart further. Contreras argues, however, that although the Sentencing Commission's policy statement in § 1B1.10 of the Guidelines prohibits courts from reducing sentences to less than the minimum of the amended Guidelines range, the district court was not, and could not be, bound by this policy statement under Supreme Court precedent. *See, e.g., Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

Contreras's arguments on this point, however, are foreclosed by our recent decision in *United States v. Savoy*, 567 F.3d 71 (2d Cir.2009) (per curiam). In *Savoy*, we

concluded that "district courts lack the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range where the original sentence fell within the applicable pre-amendment Guidelines range." *Id.* at 74. Because the district judge gave Contreras the lowest sentence in his amended Guidelines range, he had no discretion to impose a lower sentence.

For the foregoing reasons, we AFFIRM the judgment of the district court.