**UNITED STATES of America,**
**Appellee,**

v.

**Charles GIVENS, Defendant–Appellant.**

**No. 08–3093–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 29, 2009.

Charles Givens, Fort Dix, NJ, pro se.

Kathleen M. Mehltretter, Acting United States Attorney, Joseph J. Karaszewski, Chief, Appeals Division, Monica J. Richards, Assistant United States Attorney, Western District of New York, Buffalo, NY, for Appellees.

PRESENT: ROSEMARY S. POOLER, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Charles Givens, *pro se,* appeals from the order of the United States District Court for the Western District of New York (Arcara, C.J.), granting Appellant's 18 U.S.C. § 3582 motion for a reduction of his criminal sentence and reducing his sentence of imprisonment by one month. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's ruling on a § 3582 motion for abuse of discretion. *See United States v. Borden,* 564 F.3d 100, 104 (2d Cir.2009). Section 3582(c)(2) provides that a sentencing court may, after considering the factors set forth in 18 U.S.C. § 3553(a) and the policy statements of the Sentencing Commission, reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission.

In 2007, the United States Sentencing Commission reduced by two levels the base offense level associated with each quantity of crack cocaine, and such change has been given retroactive effect. *See* U.S.S.G. § 2D1.1 (2007) (Amendment 706); U.S.S.G. § 1B1.10(c); *United States v. Regalado,* 518 F.3d 143, 150 (2d Cir.2008). In a subsequently-issued policy statement, the Sentencing Commission directed sentencing judges to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "[T]he court shall substitute only the amendments ... for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* Additionally, the Sentencing Commission provided

that "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). We recently held the last provision to be a mandatory limitation on the district court's authority to reduce a sentence. *See United States v. Savoy*, 567 F.3d 71, 74 (2d Cir.2009) (per curiam).

Here, we find no abuse of discretion in the district court's imposition of a reduced sentence of imprisonment of 120 months. Having properly considered the Sentencing Commission's policy statements and the § 3553(a) factors, including Appellant's post-sentencing conduct, the district court correctly substituted the applicable amendment for the corresponding guideline provision—reducing Appellant's base offense level by two. Although a base offense level of 27 and a criminal history category of III ordinarily would have resulted in a sentencing range of 87 to 108 months in prison, *see* U.S.S.G. Ch. 5, Pt. A (2003), the district court correctly found that the applicable range, due to the operation of the statutory mandatory minimum, was 120 months, *see* 21 U.S.C. § 841(b)(1)(A) (providing for 10–year minimum term of imprisonment); *see also* U.S.S.G. § 5G1.1 ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Thus, the district court could not have imposed a reduced sentence lower than 120 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *Savoy*, 567 F.3d at 74.

In light of the district court's inability to impose a lesser sentence, Appellant's remaining arguments regarding his resentencing are unavailing, as any remand would be futile. Additionally, Appellant's claims with respect to his original plea and sentencing are foreclosed by the law of the case doctrine. *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir.2002). Furthermore, to the extent that Appellant can be construed as arguing for a sentence reduction based on Amendment 709 to U.S.S.G. § 4A1.2, effective November 1, 2007, regarding the calculation of criminal history points, that amendment has not been given retroactive effect. *See* U.S.S.G. § 1B1.10(c) (listing covered amendments).

Accordingly, there is no basis on which to challenge the order of the district court, and it is hereby **AFFIRMED.**