SUMMARY ORDER
Defendant Miciceale Delileon is serving a 300-month prison sentence following his 1991 conviction by a jury of possessing crack cocaine with intent to distribute, and conspiracy to do so, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. At his sentencing, he was held accountable for distributing more than 240 kilograms of crack. He appeals from the District Court’s denial of his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on amendments to the United States Sentencing Guidelines adopted in March 2008, which reduced the recommended guideline sentences for distributing crack, and made the new guideline recommendations retroactive subject to certain conditions (collectively, the “crack-cocaine amendments”). See U.S.S.G.App. C, Amends. 706 & 713; United States v. McGee, 553 F.3d 225, 225-26 (2d Cir.2009) (per curiam).[1] Because the District Court correctly ruled that Delileon is ineligible for the relief he seeks, and did not abuse its discretion in ruling that it would deny the requested reduction even if Delileon were eligible, the judgment of the district court is affirmed.
“[W]e review a district court’s decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion.” United States v. Borden, 564 F.3d 100, 104 (2d Cir.2009). A district court’s interpretation of the Sentencing Guidelines and relevant statutes underlying that decision, however, is reviewed de novo. United States v. Main, 579 F.Sd 200, 202-03 (2d Cir.2009).
“A district court may not generally modify a term of imprisonment once it has been imposed.” Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir.2007) (per curiam). Section 3582(c)(2) provides a limited exception to this principle. Under that statute, a court “may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable,” where the defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” to the extent that such a reduction is consistent with policy statements issued by the Sentencing Commission. The policy statement relevant here provides, among other things, that the sentence of an eligible defendant may not be reduced below the amended guideline range. U.S.S.G. § lB1.10(b)(2)(A).
Section 3582(c)(2) is simply inapplicable to Delileon. Although the crack-cocaine amendments reduced the guidelines applicable to most crack offenders, the amendment did not reduce the guideline applicable to the highest category of crack offenders, which remained at 38. Although Amendment 706 to the Sentencing Guidelines did increase the minimum quantity of crack that would place an offender at that level from 1.5 to 4.5 kilo *470 grams, this amendment had no bearing on Delileon, who was found responsible for the distribution of more than 50 times the new minimum quantity for that category. Thus, his sentence was not “based on a sentencing range that has subsequently been lowered” by the Commission, as is required to receive a sentence reduction. See 18 U.S.C. § 3582(c)(2).
When Delileon was originally sentenced in 1991, and when his sentence was reduced in 1996, the guidelines were understood to be mandatory; subsequently, in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court determined that the mandatory guidelines regime was unconstitutional, and that the guidelines must be treated as advisory in order to pass constitutional muster. Delileon argues that the combination of Booker and § 3582(c)(2) entitles him to plenary resentencing, in which the District Court should be required to reconsider his sentence without constraint of the guidelines, citing the Ninth Circuit’s ruling in United States v. Hicks, 472 F.3d 1167, 1168 (9th Cir.2007), that the policy statement in § lB1.10(b)(2)(A) must be treated, after Booker, as merely advisory. He is triply wrong.
First, Hicks has been rejected by this Court, which has joined all the other Circuits that have considered the issue in concluding that sentencing courts lack the authority under § 3582(c)(2) to reduce a defendant’s sentence below the amended guideline range. United States v. Savoy, 567 F.3d 71, 73-74 (2d Cir.2009) (per curiam). Second, even if Hicks were good law in this Circuit, by its own terms, Hicks is inapplicable to Delileon. Hicks held that for defendants (like Hicks, but unlike Delileon) who are eligible for a modification of sentence under § 3582(c)(2) “because the Sentencing Commission lowered the applicable sentencing range,” 472 F.3d at 1171, a district court was not limited to the extent of reduction authorized by the Sentencing Commission. The Hicks panel expressly noted that Hicks did not argue “that he deserves a § 3582(c)(2) re-sentencing because of Booker,” id., but only that when his sentence was properly reconsidered under the statute, the district court was free to impose whatever sentence seemed appropriate in light of § 3553(a). Delileon’s problem is different; he is not eligible for relief under § 3582(c)(2) in the first place, because the guideline level for his particular offense was not reduced by the Commission. Third and finally, the District Court in this case expressly ruled that, even if it were free to resentence Delileon under the advisory guidelines regime, and to take account of the policy weaknesses of the disparity in the guideline levels applicable to defendants who sell powder and crack cocaine, as permitted by Kimbrough v. United States, 552 U.S. 85, 109-10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), it would not do so, because Delileon distributed so much crack that, “[e]ven if the Court applied a 1:1 crack/powder ratio to [his] drug amount, [Delileon’s] base offense level would remain 38.” (J.A. 9.) The decision whether to reduce a sentence under § 3582(c)(2) is within the discretion of the trial judge, Borden, 564 F.3d at 104, and we find no abuse of that discretion in the district court’s reasoning. Thus, even if Delileon were eligible for a reduction in sentence under § 3582(c)(2) — which he is not — it would avail him nothing, as the district court would in that case have appropriately denied his application anyway.
Accordingly, the judgment of the district court is affirmed.

. Delileon has already benefited from a prior similar reduction. Originally, Delileon was sentenced to life imprisonment, but in 1996 his sentence was reduced to 300 months pursuant to § 3582(c)(2) in consequence of an earlier amendment reducing the base offense level applicable to the distribution of more than 1.5 kilograms of crack, the highest category referenced in the guidelines, from 42 to 38. See U.S.S.G.App. C, Amend. 505.