# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1820

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Gary L. Jones, also known as Black, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: December 14, 2009
Filed: December 18, 2009

_____

Before LOKEN, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

In October 1997, Gary L. Jones was convicted of conspiring to possess with intent to distribute fifty grams or more of marijuana, phencyclidine, cocaine, and crack cocaine. The district court[1] determined a sentencing range under the then-mandatory Guidelines of 292-365 months and sentenced Jones to 292 months in prison. After the Sentencing Commission reduced by two levels the offense level applicable to Johnson's crack cocaine offense in Amendments 706, 711, and 713 to the Guidelines, Johnson moved for modification of his sentence under 18 U.S.C. § 3582(c)(2). The

_____

[1]The HONORABLE FERNANDO J. GAITAN, Jr., Chief Judge of the United States District Court for the Western District of Missouri.

district court granted the motion and reduced Jones's sentence to 235 months in prison, noting that "[t]he maximum adjustment permitted is 2 levels, so the Court cannot grant the Defendant's request for a greater reduction."

Jones appeals, arguing that the district court erred when it considered the guidelines mandatory in applying § 3582(c)(2) and the policy statements in U.S.S.G. § 1B1.10. This argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839, 842 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), that "neither the Sixth Amendment nor [United States v. Booker, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in Starks, which is binding on our panel. We reject Jones's contention that Spears v. United States, 129 S. Ct. 840 (2009) -- a decision that did not mention § 3582(c)(2) -- permits us to revisit the decision of another panel in Starks.[2] Accordingly, we must affirm. See 8th Cir. R. 47B.

_____

_____

[2] We note that nearly every other circuit agrees with our decision in Starks. See United States v. Fanfan, 558 F.3d 105, 107-11 (1st Cir.), cert. denied, 130 S. Ct. 99 (2009); United States v. Savoy, 567 F.3d 71, 72-73 (2d Cir.), cert. denied, 130 S. Ct. 342 (2009); United States v. Dillon, 572 F.3d 146, 148-50 (3d Cir.), cert. granted, --- S. Ct. ----, 2009 WL 2899562 (Dec. 7, 2009); United States v. Dunphy, 551 F.3d 247, 252-57 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); United States v. Doublin, 572 F.3d 235, 237-39 (5th Cir.), cert. denied, 130 S. Ct. 517 (2009); United States v. Washington, 584 F.3d 693, 698-701 (6th Cir. 2009); United States v. Cunningham, 554 F.3d 703, 704-09 (7th Cir.), cert. denied, 129 S. Ct. 2826 (2009); United States v. Rhodes, 549 F.3d 833, 837-41 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009); United States v. Melvin, 556 F.3d 1190, 1191-93 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009). But see United States v. Hicks, 472 F.3d 1167, 1169-73 (9th Cir. 2007).