09-3823-cr (L); 09-3864-cr (Con)
United States v. Camacho; United States v. Rodriguez

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of July, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
    PETER W. HALL,
       *Circuit Judges*,
    RICHARD W. GOLDBERG,
       *Judge.*\*

---

UNITED STATES OF AMERICA,

    *Appellee*,

  -v.-          09-3823-cr (L);
              09-3864-cr (Con)

STEVEN CAMACHO, JAIME RODRIGUEZ,

    *Appellants*.\*\*

---

---

\* The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

\*\* The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

FOR APPELLANT CAMACHO:   JOSHUA L. DRATEL, New York, NY.

FOR APPELLANT RODRIGUEZ:   JOYCE C. LONDON, New York, NY.

FOR APPELLEE:   PAUL M. KRIEGER, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED**.

Steven Camacho and Jaime Rodriguez appeal from a order of the United States District Court for the Southern District of New York, entered on September 8, 2009, denying their respective motions for a reduction in their sentences pursuant to 18 U.S.C. § 3582(c)(2). As noted by the district court, defendants are each serving 300-month sentences following their convictions, after a trial, for drug trafficking and firearms offenses, and for conspiring to tamper with a witness and to suborn perjury. *United States v. Camacho*, Nos. 93 Cr. 549-02, 549-03 (JFK), 2009 WL

2

2905616, at *1 (S.D.N.Y. Sept. 3, 2009).[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

   "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Dillon*, 560 U.S. —, No. 09-6338, 2010 WL 2400109, at *2 (June 17, 2010) (slip op.) (Sotomayor, *J.*) (quoting 18 U.S.C. § 3582(c)); *see generally United States v. Mock*, — F.3d —, No. 09 Cr. 4154, 2010 WL 2802553 (2d Cir. July 19, 2010) (per curiam).  However, an exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Under these circumstances, a district court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* (emphasis added); *see also*

---

[1] In addition, the defendants are serving 360-month sentences for subsequent convictions for conspiracy to commit murder, the commission of two murders, attempted murder, and related firearms offenses in aid of a racketeering enterprise.  *See* 2009 WL 2905616, at *1.

*United States v. Savoy*, 567 F.3d 71, 72 (2d Cir. 2009) (per curiam). The government conceded that, as a result of an amendment to Section 2D1.1 of the United States Sentencing Guidelines relating to offenses involving "crack" cocaine, defendants were eligible for a sentence reduction.

As the district court recognized, *see* 2009 WL 2905616, at *1, "[b]ecause the statute states that a district court *may* reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2)." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). The Supreme Court confirmed in *Dillon* that § 3582(c) does not authorize "plenary resentencing proceedings." 2010 WL 2400109, at *7. However, the district court must still "determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, although the district court acknowledged the "recent apparent progress defendants have made while incarcerated," the court held that "reducing the sentence of either defendant would create an unwarranted danger to the

4

public safety." 2009 WL 2905616, at *2. We find no abuse of discretion in the district court's decision to deny a reduction in the defendants' sentences pursuant to § 3582(c)(2). Although defendants maintain that the district court did not adequately consider the factors set out in 18 U.S.C. § 3553(a), we disagree. *See United States v. Carter*, 489 F.3d 528, 540-41 (2d Cir. 2007).

We have considered all of the defendants' arguments on appeal and find them to be without merit. Therefore, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5