**Julius WILLIAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00 CR 0237.**

United States District Court, S.D. New York.

Sept. 21, 2010.

---

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Defendant Julius Williams ("Williams") brought this petition (the "Petition") pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") seeking an order to lower his sentence pursuant to the retroactive reduction in the Sentencing Guidelines for crack cocaine offenses promulgated by the Sentencing Commission in 2007 and 2008.

*See* U.S.S.G., Supp. to App. C., Amend. 706 (effective Nov. 1, 2007); *see also id.* Amend. 711 (effective November 1, 2007); *id.* Amend. 713 (effective March 3, 2008). This Court sentenced Williams to 600 months' imprisonment upon his conviction by a jury of one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of narcotics conspiracy, in violation of 21 U.S.C. §§ 812 and 841(b)(1)(A). Originally, the Court sentenced Williams as a career offender to a 240–month sentence for the racketeering conspiracy, to run consecutively with a 360–month sentence for the narcotics conspiracy.

Williams previously moved for a sentence reduction on the narcotics count pursuant to § 3582(c)(2) because the Sentencing Commission had lowered the Sentencing Guidelines and had called for their retroactive application pursuant to 28 U.S.C. § 994(u). By Order dated September 2, 2008, the Court denied Williams's motion, finding that the amended Guidelines range of 324 to 360 months encompassed the Court's original sentence of 360 months' imprisonment. (*See* Order Regarding Motion for Sentence Reduction, *United States v. Williams*, No. 00 Cr. 0237 (Docket No. 537) (Sept. 2, 2008)).

Based on further amendments to the Sentencing Guidelines which retroactively lowered the base offense levels for crack cocaine offenses, Williams now moves for a sentence reduction that decreases by two levels the offense level for each of the two counts of which he was convicted. *See* U.S.S.G., Supp. to App. C., Amend. 706 (effective Nov. 1, 2007); *see also id.* Amend. 711 (effective November 1, 2007); *id.* Amend. 713 (effective March 3, 2008).

Generally, "[a] federal court ... 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, —— U.S. ——, 130 S.Ct. 2683, 2687,

177 L.Ed.2d 271 (2010) (*quoting* 18 U.S.C. § 3582(c)). However, an exception applies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under such circumstances, a district court "may reduce the term of imprisonment ... after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A); *see also United States v. Camacho*, Nos. 09 CR 3823, 09 CR 3864, 387 Fed.Appx. 47, 49, 2010 WL 2838522, at *1 (2d Cir. July 10, 2010).

However, the Court sentenced Williams under the career offender provision of the Sentencing Guidelines rather than under the provisions for crack cocaine offenses. *See* U.S.S.G. §§ 2D1.1, 4B1.1. A defendant such as Williams who is "convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines." *United States v. Martinez*, 572 F.3d 82, 85 (2d Cir.2009).

The Petition also challenges Williams's original sentence as a career offender. Because § 3582(c)(2) does not authorize a resentencing proceeding for such a petitioner, under these circumstances Williams "may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision." *United States v. Mock*, 612 F.3d 133, 137 (2d Cir.2010). Thus, the Court concludes that Williams may not challenge his career offender status and is not eligible for resentencing under the amendments to the Sentencing Guidelines' provisions for crack cocaine offenses.

## ORDER

For the reasons set forth above, it is hereby ORDERED that the petition (Docket No. 543) of petitioner Julius Williams for resentencing is DENIED.

**SO ORDERED.**