09-4608-cr(L)
United States of America v. Erskine, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January,  two thousand eleven,

Present:    RALPH K. WINTER,
            ROSEMARY S. POOLER,
            PETER W. HALL,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

            -v-                                 09-4608-cr(L)

ERIC ERSKINE, also known as Black, DARRYL DEAS, also known as Solo, also known as Darrell Deas, STEVEN BETHEA, also known as Tee, BORNTHIA PLUMMER,

                                        *Defendants*,

SWAHILI JOHNSON, also known as Suave, NEHEMIAH BROWN,* also known as Ike,

                                        *Defendants-Appellants*.

_____

Appearing for Appellee:     Preet Bharara, United States Attorney for the Southern District of New York; Michelle Parikh Brown, Andrew L. Fish, Assistant United States Attorneys, of counsel, *on the brief*, New York, NY.

_____

*  Nehemiah Brown's appeal (10-323) was withdrawn by stipulation on September 2, 2010. This Summary Order therefore does not address his claims.

Appearing for Appellant:     Ira D. London, Avrom Robin, of counsel, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Swahili Johnson ("Johnson") pleaded guilty to conspiracy to distribute and to possess with the intent to distribute fifty grams or more of cocaine base (or "crack") in violation of 21 U.S.C. §§ 812, 814(a)(1), and 841(b)(1)(A). Johnson was sentenced to 262 months' imprisonment, followed by five years of supervised release. Johnson filed a timely notice of appeal, and in *United States v. Erskine*, 280 F. App'x 16 (2d Cir. 2008), this Court affirmed the original sentence and remanded to the district court for reconsideration pursuant to *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008). In addition to the remand, Johnson moved the district court to consider reducing his sentence pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2). On October 23, 2009, Judge Chin for the United States District Court for the Southern District of New York declined to resentence Johnson, but granted Johnson's motion pursuant to 18 U.S.C. § 3582(c)(2), thus reducing his sentence to 212 months' imprisonment. Johnson now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The central issue raised by Johnson on appeal is that the district court did not fully understand the extent of its authority to vary from the Guidelines after the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), which it was specifically requested to consider on remand pursuant to *Regalado*. Johnson argues that "[b]ecause the District Court operated within the relatively narrow scope of § 3582(c)(2) without commenting on its broader authority under *Regalado*, it is unclear whether it viewed the 212-month sentence as the bottom limit of its discretion or merely one option among a much wider range of permissible sentences." Johnson concludes that it is impossible to determine whether the court would have issued a lower sentence if it had appreciated the full scope of its discretion and in particular that it may have been "confused" by the consolidation of the request under § 3582(c)(2) and the *Regalado* remand. Accordingly, Johnson suggests the case should be remanded under *Regalado* a second time.

As an initial matter, the standard of review for sentencing is one of "reasonableness." *United States v. Booker*, 543 U.S. 220, 260-62 (2005). Reasonableness review is akin to a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). Review to determine whether a sentence is "reasonable" involves both "an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). In this case, Johnson only alleges procedural unreasonableness, in that the district court incorrectly applied a sentencing Guidelines enhancement. To impose a procedurally reasonable sentence district courts must "(1) normally determine the applicable Guidelines range, (2) consider the Guidelines along with the other factors under § 3553(a), and (3) determine whether to impose a Guidelines sentence or a non-Guidelines sentence." *United States v. Villafuerte*, 502 F.3d 204, 206-07 (2d Cir. 2007);

*accord Gall*, 552 U.S. at 53. Procedural error occurs in situations where the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; or deviates from the Guidelines without explanation. *See Johnson*, 567 F.3d at 51-52.

A sentencing court's legal application of the Guidelines is reviewed de novo, while the court's underlying factual findings are reviewed for clear error, acknowledging the lesser standard of proof at sentencing of preponderance of the evidence. *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004); *see also* 18 U.S.C. § 3742(e). In deciding upon a sentence, a district court has the discretion to rely on the wide array of facts available to it, including information set forth in the pre-sentence report, as well as circumstantial evidence. *See United States v. Sisti*, 91 F.3d 305, 312-13 (2d Cir. 1996).

Johnson's argument has little merit. The district court was on notice of the *Regalado* remand: it was discussed in the opinion remanding the case, *see Erskine*, 280 F. App'x at 20, addressed in the Sentencing Memoranda submitted to the court on behalf of both Johnson and the Government, and raised again during sentencing by Johnson's counsel, who stated in open court "[w]e all know why we are here because of the *Regalado* remand which increases your scope to resentence or to sentence based on the crack powder disparity." Johnson is correct insofar as he highlights the potential overlap between deciding a motion pursuant to § 3582(c)(2) and deciding whether a lower sentence would have been warranted, which the court in *Regalado* also noted: "[t]here are certain factual equivalencies between deciding whether one would have imposed a non-Guidelines sentence with broader discretion to deviate from the Guidelines, and arriving at a different sentence by a different Guidelines computation entirely." *Regalado*, 518 F.3d at 151. Nevertheless, such overlap does not inescapably lead to the conclusion that the court failed to understand its discretion under *Regalado*, in deciding a motion pursuant to § 3582(c)(2).

*Regalado* requires that if a court decides on remand that it would have issued a different sentence had it fully understood its discretion to do so, then "the court should vacate the original sentence and resentence the defendant." 518 F.3d at 149. If the court understands the extent of its authority, but nevertheless declines to resentence defendant, then "the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for the decision." *Id.* These requirements have been adequately satisfied by the court below which noted it has "taken into account what I have read," including the arguments under *Regalado* by both parties. It also indicated that the potential for sentencing disparity is "a fair issue and it is something that I have taken into account in other cases and I think it is something that I would take into account leer [sic]." The court further noted it had not taken into consideration the disparity in its original sentencing decision because it "was operating under the assumption that I couldn't factor in the disparity." The court thus went on to consider the disparity in determining the new sentence, demonstrating its awareness of the disparity addressed in *Kimbrough*. After the court agreed to reduce the sentence pursuant to § 3582(c)(2), it stated that "[t]he other aspects of the sentence will remain the same."

Johnson directs our attention to *United States v. Keller*, 539 F.3d 97, 102 (2d Cir. 2008), where the court put forth certain factors to consider in deciding whether a *Regalado* remand is appropriate: "[i]n evaluating whether a *Regalado* remand is appropriate, we consider the evidence

3

in the record, such as the sentencing transcript and the parties' submissions." Applying those factors here, the court below indicated it had read the parties' submissions, which included discussions of the *Regalado* remand. Moreover, the court at sentencing indicated it was not going to change the sentence other than pursuant to § 3582(c)(2). *Keller* held that the record did not establish that the court understood its authority to impose a non-Guidelines sentence, given that the district court had been silent as to its discretion to depart from the Guidelines, and did not mention *Kimbrough*, which was pending at the time. *See Keller*, 539 F.3d at 99. *Keller* thus held that the "strongest evidence" in the record--the fact that the district court had "explicitly accounted for the then-pending changes to the crack Guidelines in the course of imposing a non-Guidelines sentence"--was insufficient to apprise this Court that the district court understood its authority to impose a non-Guidelines sentence. *Id.* at 102. This case, however, is distinguishable from *Keller* because the record here is not limited to the district court's accounting for the applicable changes in the Guidelines, but also reflects that the district court, in imposing a non-Guidelines sentence, reduced it pursuant to § 3582(c)(2). Indeed, most significantly is the fact that this is Johnson's *second* request for a *Regalado* remand, and the court was adequately briefed on the issue of *Regalado* and *Kimbrough*. The sentencing transcript indicates that the court adequately considered the bounds of its discretion and came to a reasoned decision to reduce Johnson's sentence only under § 3582(c)(2).

Johnson also requested that this court hold the decision in abeyance pending the Supreme Court's decision in *Dillon v. United States*, addressing whether U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2) remain mandatory post-*Booker*. This request is moot. *Dillon v. United States*, 130 S. Ct. 2683 (2010) was decided on June 17, 2010, and affirmed Second Circuit precedent holding that § 1B1.10 is binding on district courts despite *Booker*, *see United States v. Savoy*, 567 F.3d 71, 73 (2d Cir. 2009).

We have considered Johnson's remaining contentions and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4