08-6050-cr
USA v. Green (Burton)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand ten.

PRESENT:   REENA RAGGI,
           GERARD E. LYNCH,
           J. CLIFFORD WALLACE,[*]
               *Circuit Judges.*
--------------------------------------------------------
UNITED STATES OF AMERICA,
           *Appellee*,


           v.                                              No. 08-6050-cr


EDWARD BURTON,
           *Defendant-Appellant*.
--------------------------------------------------------
FOR APPELLANT:        Susan V. Tipograph and Thomas Eddy, New York, New York.

FOR APPELLEE:         Stephan J. Baczynski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.


        Appeal from the United States District Court for the Western District of New York

(Richard J. Arcara, *Judge*).

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the November 24, 2008 judgment of the district court is AFFIRMED.

Defendant Edward Burton was convicted after a jury trial of substantive and conspiratorial possession of cocaine and cocaine base with intent to distribute, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and was sentenced principally to 360 months' incarceration. After Amendment 706 to the Sentencing Guidelines reduced the base offense level for crack offenses, Burton moved for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). He now appeals from the district court's denial of that motion. We review such a denial for abuse of discretion. See United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009). We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

Title 18 U.S.C. § 3582(c)(2) creates an exception to the usual rule of finality, see United States v. McGee, 553 F.3d 225, 226 (2d Cir. 2009), vesting district courts with discretion to reduce a prison sentence that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," subject to the factors set forth in 18 U.S.C. § 3553(a), provided such reduction is "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2). A proceeding under § 3582(c)(2) "do[es] not constitute a full resentencing," U.S.S.G. § 1B1.10(a)(3), and ordinarily does not permit a reduction in sentence "to a term that is less than the minimum of the amended guideline range," id. § 1B1.10(b)(2)(A); see also United States v. Savoy, 567

2

F.3d 71, 73 (2d Cir. 2009) (holding that U.S.S.G. § 1B1.10 is binding on sentencing courts).

The government concedes that, under Amendment 706, Burton was entitled to a two-point reduction in his base offense level, resulting in a revised Guidelines sentencing range of 324 to 405 months, instead of 360 months to life, as originally calculated. Burton argues that the district court abused its discretion in declining to reduce his sentence to reflect the lower range. Specifically, he submits that the district court erred in considering his arrest record in declining to reduce his sentence because the Guidelines in effect at the time of his original sentence forbade courts from considering a defendant's arrest record in deciding whether to depart from the applicable sentencing range. See U.S.S.G. § 4A1.3 (1994); United States v. Joaquin, 326 F.3d 1287, 1291-93 (D.C. Cir. 2003). We are not persuaded.

First, the validity of Burton's construction of § 4A1.3 is far from clear.[1] Although the District of Columbia Circuit, interpreting the version of the Guidelines in effect at the time of Burton's sentence, read § 4A1.3's statement that "a prior arrest record itself shall not be considered" to apply to the determination whether an upward or downward departure was necessary adequately to reflect a defendant's criminal history, see United States v. Joaquin, 326 F.3d at 1292 (internal quotation marks omitted), this court never so construed the Guidelines. Rather, in United States v. Miller, 263 F.3d 1 (2d Cir. 2001), we observed, without deciding, that the Commission might well have "meant to prohibit the use of prior

_____

[1] We assume, for the purposes of this summary order, that Burton has preserved his argument under § 4A1.3.

3

arrest records only in the context of upward departures," id. at 5 (holding that district court's reliance on prior arrest record in refusing downward departure was not plain error). The Commission confirmed our understanding of its intent when it amended § 4A1.3 in 2003, expressly limiting the arrest consideration prohibition to upward departures. See U.S.S.G. § 4A1.3(a)(3) (2003).

Second, Burton's reliance on § 4A1.3 is, in any event, misplaced. The question presented to the district court was not whether Burton was entitled to a downward departure from his applicable Guidelines range under § 4A1.3, but whether his original sentence should be reduced pursuant to § 3582(c)(2). Because Burton's original sentence fell within the Guidelines range, the district court lacked authority to depart from the lower range prescribed by Amendment 706. See United States v. Savoy, 567 F.3d at 74 ("[D]istrict courts lack the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range where the original sentence fell within the applicable pre-amendment Guidelines range."). Thus, we certainly identify no abuse of discretion in the district court's denial of the 240-month sentence Burton sought.

Nor do we detect such abuse in the district court's decision not to impose a lower sentence within the newly calculated range. Burton offers no support for the argument that the district court erred in considering his arrest record in conducting the required analysis under 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10. Indeed, such a suggestion necessarily fails in light of 18 U.S.C. § 3661, which states that "[n]o limitation shall be placed on the

4

information concerning [a defendant's] background, character, and conduct" that a district court may consider at sentencing. See United States v. Cavera, 550 F.3d 180, 190-91 (2d Cir. 2008) (en banc); United States v. Jones, 531 F.3d 163, 182 (2d Cir. 2008). More specifically, we have allowed sentencing courts to consider a defendant's arrest record for the purpose of understanding his "background." See United States v. Ortiz, 742 F.2d 712, 714 n.3 (2d Cir. 1984) ("[W]hile a sentencing judge may not be able to consider a prior arrest that led to a dismissal as a conviction, the judge can still consider it as evidence of the defendant's background."). That is the principal context in which the district court mentioned Burton's arrest record. Moreover, the district court's decision to adhere to its original 360-month sentence amply reflects its careful consideration of relevant factors, including the seriousness of Burton's offense, his four-decade history of criminal activity, and the likelihood that he would present a danger to the community if his sentence were reduced.[2]

---

[2] We are aware that the Supreme Court has heard argument in Dillon v. United States, No. 09-6338 (U.S., argued Mar. 30, 2010), reviewing a Third Circuit decision similar to ours in Savoy. See United States v. Dillon, 572 F.3d 146 (3d Cir.), cert. granted, 130 S. Ct. 797 (2009). The outcome in Dillon will not affect the result in this case. If the Court affirms Dillon, Savoy will remain good law and the precedent we rely upon here will be unaffected. If the Court reverses, and holds that district courts do have discretion, in deciding § 3582(c) motions, to depart below the amended minimum Guidelines range, we could in principle remand this case to allow the district court to consider whether to use that discretion. On the facts of this case, however, there would be no reason to do so. The district court has already considered whether to reduce the sentence from 360 months to the amended minimum Guidelines range of 324 months and, after considering the relevant factors, it declined to reduce the sentence at all. There is thus no reason to believe that, given expanded discretion, the district court would reduce the sentence below 324 months.

5

We have considered Burton's other arguments on appeal, and we conclude that they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court