20-1379-cr
*United States v. Gamble*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                                   20-1379-cr

Jermayne Butler, AKA Main, AKA Main Live, AKA Liver, Tyrese Hargrove, AKA T.Y., Dequeisha Sledge, AKA Queish, AKA Shontay, Ronnie Gordon, AKA Pop, Anthony McBride, AKA Moto, Joey Fuller, Malcolm Newton, AKA Biggie, Marquis Parker, Marvin Spruill, AKA Marv, Milton Vereen, AKA M.D., Rashaan Woolfolk, AKA Booka, Husain Redmond, AKA Pulie, Robert Thompson, AKA Bobby D, AKA Bobby Diesel, Chauncey Evans, AKA Chaos, Carnell Edwards, Osvaldo Saez, Zerkee Sanders, Kierron Stanley,

> *Defendants,*

Torrence Gamble, AKA Bones, AKA Bone,

*Defendant-Appellant.*

_____

FOR APPELLEE:                          MARC H. SILVERMAN, Assistant United States
                                       Attorney (Patrick F. Caruso, Assistant United
                                       States Attorney, *on the brief*), *for* John H.
                                       Durham, United States Attorney for the District
                                       of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:                W. THEODORE KOCH III, Koch, Garg & Brown,
                                       Niantic, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Torrence Gamble appeals from an order of the United States District Court for the District of Connecticut (Bryant, *J.*) on April 23, 2020, denying his motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Gamble pleaded guilty to conspiring to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846 and was sentenced to 92 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Following the onset of the COVID-19 pandemic in the United States, the Bureau of Prisons (the "BOP") identified Gamble as being at "high risk" for complications in the event he contracted COVID-19. On March 30, 2020, Gamble filed a request for compassionate release with authorities at Metropolitan Detention Center, Brooklyn ("MDC"), where he is currently

incarcerated. The following day, Gamble filed a similar request in the district court, pursuant to the First Step Act, arguing that the risk of serious consequences of contracting the virus as a diabetic constituted extraordinary and compelling reasons for compassionate release to home confinement with his relatives in Connecticut. The district court denied the motion, finding that Gamble had failed to satisfy the exhaustion requirement or to show extraordinary and compelling circumstances, and that, in any event, a consideration of the factors set forth in 18 U.S.C. § 3553(a) warranted a denial of his release. This appeal followed.

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). District courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the judge must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a); 18 U.S.C. § 3582(c)(1)(A). We review sentence reduction determinations, including those under the First Step Act, for abuse of discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).

Gamble raises three challenges to the district court's denial of his compassionate release motion: (1) the district court erred in holding that the statutory exhaustion requirement for his motion is mandatory under Section 3582(c)(1)(A), and should have excused his failure to exhaust; (2) the district court erred in finding that "extraordinary and compelling circumstances" did not

exist for his release, despite the elevated risk of contracting COVID-19 due to the conditions at MDC and the fact that he is at increased risk of complications or death from COVID-19 based on his diagnosed diabetes; and (3) the district court erroneously considered the length of time served in denying his compassionate release under the factors set forth in 18 U.S.C. § 3553(a). However, we need not address Gamble's first two challenges because, even assuming *arguendo* that his failure to exhaust could be excused and that he demonstrated "extraordinary and compelling reasons" for release, we conclude that the district court did not abuse its discretion in concluding that his release was not consistent with a weighing of the Section 3553(a) factors.

Gamble does not address the district court's alternative finding under the Section 3553(a) factors at all, other than to state in a conclusory fashion that "[t]his court should remand the case for reconsideration, and further order that length of time served [at the time of the compassionate release motion] is not a relevant part of the analysis in the midst of a deadly and rapidly spreading pandemic." Appellant's Br. at 21. However, it is entirely within the district court's discretion to consider how much time an inmate has already served of his overall sentence when the court is weighing whether a release for extraordinary and compelling circumstances is consistent with the Section 3553(a) factors, such as the need for deterrence and the danger posed to the community by the inmate's release. *See, e.g.*, *United States v. Burton*, 381 F. App'x 4, 7 (2d Cir. 2010) ("The district court's decision to adhere to its original 360-month sentence amply reflects its careful consideration of relevant factors, including the seriousness of Burton's offense, his four-decade history of criminal activity, and the likelihood that he would present a danger to the community if his sentence were reduced."). To be sure, any relevance of this fact to a Section 3553(a) factor should be considered in the context of the other Section 3553(a) factors. *See generally United*

4

*States v. Jenkins*, 854 F.3d 181, 190 (2d Cir. 2017) (emphasizing that "[d]istrict courts are required to carefully consider on an individualized basis 'the nature and circumstances of the offense and the history and characteristics of the defendant'" and that "those considerations must be applied in the context of the other § 3553(a) factors" (quoting 18 U.S.C. § 3553(a)(1))).

Here, the record reveals that this is precisely the approach that the district court utilized in weighing the Section 3553(a) factors and denying Gamble's motion. With respect to Gamble's history and characteristics, the district court emphasized that "Mr. Gamble's *extensive* criminal history placed him in Category VI, the highest criminal history category under the U.S. Sentencing Commission Guidelines." Gov't App'x at 151. The district court further noted that, among his fourteen prior convictions, were "numerous drug trafficking convictions" and a prior conviction for unlawful possession of a firearm, "for which he is unapologetic." *Id.* at 163. On the latter point, the district court explained that "[d]uring his pre-sentence interview with the probation office, Mr. Gamble was cavalier about his recent conviction for criminal possession of a firearm." *Id.* at 151. Moreover, Gamble also had "previously escaped from custody and failed to appear." *Id.* at 163.

The district court further considered the nature of Gamble's criminal history as it related to the danger to the community and explicitly addressed Gamble's proposal of home confinement if he were to be released.[1] In particular, the district court emphasized that Gamble "is ill suited

---

[1] We note that the district court also considered whether Gamble was a danger to the public under the factors identified in 18 U.S.C. § 3142(g), as directed by U.S.S.G. § 1B1.13(2). Since the district court's decision, we held that Section 1B1.13 does not apply to a compassionate release motion when brought directly to a district court by a defendant under the First Step Act. *See Brooker*, 976 F.3d at 235–36. However, the fact that the district court considered dangerousness under Section 3142(g) is immaterial because the standard under that section is the same as under Section 3553(a)(2)(C), and the district court

for home confinement because of his lengthy criminal history and no conditions could adequately protect the public." Gov't App'x at 163; *see also id.* at 163–64 ("The Court disagrees with Defendant's argument that he could not reengage in drug trafficking unless he was 'free to roam.' Defendant could certainly engage in drug transactions from a dwelling."). Moreover, in noting that Gamble had served "less than twenty six months into a 92-month sentence," the district court specifically tied that fact to its finding that "Mr. Gamble continues to pose a danger to the public." *Id.* at 164. The district court also relatedly found the amount of time served in prison at the time of the motion was insufficient to afford adequate deterrence under Section 3553(a), especially in light of Gamble's criminal history. *See id.* ("Moreover, Defendant was undeterred by a prior 10 year sentence of incarceration, suggesting that release on home confinement after having served just over twenty five percent of his sentence would not sufficiently deter him from resuming criminal activity.")

In sum, we conclude that the district court acted well within its discretion in concluding that, even if extraordinary and compelling circumstances existed for his release, his compassionate release motion should be denied because his release was not consistent with the Section 3553(a) factors in this case.

*    *    *

---

separately referenced dangerousness under the Section 3553(a) factors later in its decision. *See, e.g.*, *United States v. Burnley*, 834 F. App'x 270, 272 (7th Cir. 2021).

We have considered all of Gamble's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's order is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7